IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AARON MAURICE PETTES,
No. 11393-031,

    Petitioner,

vs.

                                            Case No. 17–cv–797-DRH

T.G. WERLICH,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    *Pro se* Petitioner Aaron Maurice Pettes, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois (FCI-Greenville), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. Relying on the recent case of *Mathis v. United States*, ––– U.S. –––, 136 S. Ct. 2243 (2016) and other recent decisions, he argues that his prior Nebraska burglary convictions should not have been used to impose an enhanced sentence under the career offender sentencing guidelines.

    This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge

1

must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b).

## **BACKGROUND**

On September 25, 2006, Petitioner pled guilty to 18 U.S.C. § 2113(a) for Bank Robbery. (Doc. 1, p. 3). On January 22, 2007, Petitioner was sentenced to 151 months' imprisonment. *Id.* Petitioner appealed and later filed but ultimately dismissed a 28 U.S.C. § 2255 petition. *Id.*

In his criminal case, Petitioner was sentenced as a career offender pursuant to the United States Sentencing Guidelines (USSG) at § 4B1.1. (Doc. 1, pp. 3-4). The sentencing enhancement was based on the fact that Petitioner had at least two prior felony convictions of either a crime of violence or a controlled substance offense. Petitioner argues that his prior burglary convictions, under Nebraska's burglary statute, NEV. REV. STAT. §§ 28-905(1), 28-507, were improperly considered predicate offenses under § 4B1.1. (Doc. 1, p. 4).

## **Discussion**

A prisoner may employ § 2241, as opposed to § 2255, to challenge his federal conviction or sentence under very limited circumstances. Specifically, 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner

2

to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Here, Petitioner argues that, in light of *Mathis* and related authority, his prior Nebraska convictions do not qualify as predicate offenses for a career-criminal enhancement. (Doc. 1, pp. 4-9). Petitioner apparently seeks the Court to remove his career offender status so that he may be resentenced without the career offender enhancement.

As the undersigned has explained in a number of prior decisions, this type of challenge facially satisfies the conditions to be considered in a § 2241 proceeding under the savings clause of § 2255(e). *See e.g., Hoskins v. Werlich,* No. 17-cv-652-DRH (S.D. Ill. July 28, 2017); *Warren v. Werlich,* No. 17-cv-84-DRH (S.D. Ill. Mar. 27, 2017); *Davis v. USA,* 17-cv-379-DRH (S.D. Ill. June 14, 2017); *Wadlington v. Werlich,* No. 17-cv-4499-DRH (S.D. Ill. July 17, 2017). However, as the Court has previously noted, *Mathis* involved the Armed Career Criminal Act and not the federal sentencing guidelines. *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016). Thus, the *Mathis* decision may or may not be applicable to Petitioner's sentence, where the sentencing enhancement was determined based on the advisory sentencing guidelines and not the ACCA statute.[1]

---

[1] The Supreme Court recently held that the residual clause in USSG § 4B1.2(a) was not subject to a vagueness challenge, distinguishing the situation where a sentence was based on the advisory guidelines from a sentence imposed under the residual clause of the ACCA statute. *Beckles v. United States*, —— U.S. ——, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017) (distinguishing *Johnson v. United States,* —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015)).

Nonetheless, given the limited record before the Court and the still-developing application of the *Mathis* decision, it is not plainly apparent that Petitioner is not entitled to habeas relief.  *See* Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Therefore, the Court finds it appropriate to order a response to the Petition.

### **Disposition**

**IT IS HEREBY ORDERED** that Respondent Werlich shall answer or otherwise plead within thirty days of the date this order is entered (on or before Ocotober 5, 2017).[2]  This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.  *See* SDIL-EFR 3.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**Dated: September 5, 2017**

Digitally signed by
Judge David R. Herndon
Date: 2017.09.05
17:09:30 -05'00'

**United States District Judge**