# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON MAURICE PETTES, #11393-031, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 17-cv-0797-SMY |
| | ) |
| T. G. WERLICH, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Aaron Maurice Pettes, an inmate in the Bureau of Prisons, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on July 26, 2017. (Doc. 1). Pettes was sentenced to 151 months imprisonment in 2007 after pleading guilty to one Count of bank robbery by force or violence in violation of 18 U.S.C. § 2113(a). *United States v. Aaron Pettes*, No. 06-cr-20040-JWL, Doc. 53 (D. Kan. Jan. 30, 2007). His sentence was enhanced after the sentencing judge found him to be a career offender under United States Sentencing Guidelines (the "Guidelines") § 4B1.1, based on prior convictions for burglary and robbery under Nebraska law.

Pettes now invokes *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016), to challenge his designation as a career offender based on the prior Nebraska burglary convictions and contends he is entitled to be resentenced without that designation. Specifically, he argues that Nebraska's burglary statutes criminalize more behavior than the generic definition of burglary under federal law. (Doc. 1, pp. 3–5, 8–9).

Respondent opposes issuance of the Writ on several grounds. Respondent first argues that Pettes cannot satisfy the requirements of § 2255(e)'s savings clause because his argument was not

1

foreclosed by binding precedent before *Mathis* was decided. (Doc. 8, pp. 7–8). Respondent further argues that Pettes' alleged harm cannot be deemed a "miscarriage of justice" because his sentence fell within the statutory maximum penalty for his crimes of conviction notwithstanding his career offender designation. (*Id*. at pp. 8–10). Pettes filed a Reply. (Doc. 11).

This matter is now ripe for resolution. For the reasons discussed below, Pettes' § 2241 Petition (Doc. 1) will be **DENIED**.

## **Procedural History and Relevant Facts**

Pettes pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) on September 25, 2006. *United States v. Aaron Pettes*, No. 06-cr-20040, Docs. 41, 42 (D. Kan. September 25, 2006). He did not enter into a formal plea agreement. *Id*. Pettes' potential sentence exposure was up to twenty years (240 months) imprisonment. 18 U.S.C. § 2113(a). The Presentence Report ("PSR") applied the Guidelines' career-offender enhancement to Pettes based in part on 1998 and 2005 convictions for residential burglary and a 2006 robbery conviction, all in violation of Nebraska law. *Pettes*, No. 06-cr-20040-JWL at Doc. 50, pp. 2–3. Pettes did not object to the PSR or his classification as a career offender during the sentencing proceedings and was ultimately sentenced to 151 months imprisonment on January 22, 2007. *Id*. at Doc. 53.

Pettes filed a direct appeal in April 2007, but it was dismissed as untimely-filed on June 4, 2007. *Id*. at Doc. 63. He has since filed two motions under 28 U.S.C. § 2255 seeking to have his sentence vacated and to be resentenced without the career offender designation. In the first motion, filed on June 20, 2016, Pettes argued that *Johnson v. United States*, – U.S. –, 135 S. Ct. 2551 (2015) invalidated his career offender designation. *Id*. at Doc. 68, pp. 1, 4, 8. Pettes voluntarily dismissed that action on March 20, 2017. *Id*. at Docs. 89, 90.

On April 17, 2017, Pettes filed a second § 2255 motion and argued, as in his instant Petition, that *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016) invalidated his career offender designation because his 1998 and 2005 Nebraska residential burglary convictions criminalized more behavior than the generic definition of burglary under federal law. *Id*. at Doc. 91. Pettes also argued that *Johnson* applied to the Guidelines' career offender provisions and provided an alternative basis for invalidating his career offender designation. *Id*. The motion was denied in its entirety by the district court (*Id*. at Doc. 92) and the Tenth Circuit subsequently denied Pettes' requested authorization to file a second or successive motion for relief under § 2255. *Id*. at Doc. 94.

## **Applicable Legal Standards**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Aside from the direct appeal process, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is generally limited to *one* challenge of his conviction and sentence under § 2255. A prisoner may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion either 1) contains newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) invokes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, however, it is possible for a prisoner to challenge his

3

federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" under which a federal prisoner can file a § 2241 petition when the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

Following *Davenport*, a petitioner must meet three conditions to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). In other words, something more than a lack of success with a § 2255 motion must exist before the savings clause is satisfied." *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## Analysis

Pettes argues *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016) dictates that his prior Nebraska residential burglary convictions do not qualify as predicate crimes of violence for purposes of the career offender enhancement found in the Sentencing Guidelines. (Doc. 1, pp. 3–5, 8–9). Before reaching the merits of this argument, the Court must first consider whether Pettes' claim can be brought within the narrow scope of § 2255's savings clause. The Court agrees with

4

Respondent that Pettes cannot demonstrate the existence of a fundamental defect in his conviction or sentence that is grave enough to be deemed a miscarriage of justice, and thus he cannot satisfy the requirements of § 2255(e)'s savings clause to bring his *Mathis* claim in a § 2241 petition.

Some errors can be raised on direct appeal but not in a collateral attack by a § 2255 motion or a § 2241 petition. In the Seventh Circuit, a claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013); *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

The Sentencing Guidelines have been advisory since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). Pettes was sentenced in 2007, after the *Booker* decision. While the advisory sentencing guidelines range was calculated as 151–188 months imprisonment based in part on Pettes' designation as a career offender under U.S.S.G. § 4B1.1(a), his applicable statutory sentencing range was 0–20 years, pursuant to 18 U.S.C. § 2113(a). *United States v. Pettes*, No. 06-cr-20040-JWL, Doc. 62, pp. 10–11 (D. Kan. May 30, 2007); 18 U.S.C. § 2113(a) (persons convicted of violating 18 U.S.C. § 2113(a) "[s]hall be fined under this title or imprisoned not more than twenty years, or both"). Thus, Pettes' 151-month sentence fell below the statutory maximum.

Pettes argues that he could not have brought his claim within a year of his final conviction in 2007 because the argument he raises was foreclosed to him until after *Mathis* was decided in

2016. Even assuming, *arguendo*, that the first and second *Davenport* criteria have been met,[1] *Hawkins* dictates that an erroneous application of the advisory guidelines does not amount to a "miscarriage of justice" (the third *Davenport* factor) so long as the sentence is within the applicable statutory limit. Therefore, Pettes' Petition does not meet the criteria to bring his claim within § 2255(e)'s savings clause.

In short, there is no meaningful way to distinguish *Hawkins* from this case. The issue in *Hawkins* was the same as the issue raised by Pettes: the use of prior convictions that would allegedly no longer qualify as predicates for the career offender guideline enhancement under current law. In its supplemental opinion on denial of rehearing in *Hawkins*, the Seventh Circuit summarized its holding: "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had . . . been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916 (internal citations omitted). *Hawkins* remains binding precedent in this Circuit. Accordingly, Pettes' Petition must be dismissed.

## Conclusion

For the previously-stated reasons, Pettes' Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on

---

[1] Because *Hawkins* dictates that Pettes cannot possibly satisfy *Davenport*'s "miscarriage of justice" factor, which is dispositive of his Petition, the Court need not decide whether Pettes has satisfied the other two *Davenport* factors.

appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:   July 12, 2019**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**